JOHN J. KELLY AND ANOTHER, RESPONDENTS, *v.* AN-
DREW J. KERSHAW AND WIFE, APPELLANTS.

CONTRACT.—RIGHT TO RESCIND.—Respondent sold and conveyed to
appellant two parcels of land for $3,150, no part of which was paid,
and at the same time loaned him $850, and took note of appellant
and wife for $4,000, secured by mortgage on said two parcels of
land and a third parcel belonging to said wife, and respondent
brought suit to foreclose, and appellants filed answer and cross
complaint, claiming right to rescind as to one parcel purchased,
having disposed of the other parcel purchased, *held*, that the
whole transaction of sale and note and mortgage was one contract,
and could not be rescinded in part, even though respondent had
. consented to the sale by appellant of the one parcel disposed of.
AMENDMENT.—CHANGING ISSUES AT TRIAL.—An amendment to a
cross-complaint was proposed at the trial totally changing the
issue from suit on warranty to suit to reform a deed for mistake
in description, and no reason was shown why amendment was
not made before the trial, and no reasonable diligence or excuse
for the delay shown, *held*, that a refusal of such amendment was
not an abuse of the discretion of the court.
SURETY AND PRINCIPAL.—JOINT MAKER OF NOTE.—In the case above
the wife of the appellant signing the note became a principal.
FORECLOSURE.—PREMATURITY BROUGHT.—A note became due on Au-
gust 3d, 1884, and interest was to be paid monthly and if not
paid the whole should become due; the date of payment of prin-
cipal was extended to August 3d, 1885, and other conditions of
note remained the same; *held*, that if interest was not paid as
provided in note, the whole of said note became immediately
due and payable.

APPEAL from an order of the district court of the first
district overruling a motion for a new trial.    The opinion
states the facts.

*Messrs. Williams & White,* for appellants.

*Messrs. Dickson & Varian,* for respondents.

BOREMAN, J.:

The respondent John J. Kelly, sold and conveyed to ap-
pellant, Andrew J. Kershaw, a parcel of land eighteen and
one fourth feet front by fifty feet back, on Main street in

the city of Ogden, and a quarter acre parcel in another part of the same city, all for the sum of $3,150. No part of this sum was paid down at the time of the purchase, but on the contrary, said J. J. Kelly loaned said A. J. Kershaw the sum of $850. Thereupon said Kershaw and his wife executed their note to said Kelly and wife, for the sum of $4,000, that being the amount of said purchase money and of said loan together; and the appellants, as security for said note, executed and delivered to the respondents a mortgage upon the two parcels of ground above referred to, and described in the deed of Kelly to Kershaw, and also upon another parcel of ground, situate also in the city of Ogden, but belonging to the wife of said Kershaw. This action is brought to enforce the collection of said note of $4,000 by the foreclosure of the mortgage given to secure it. The defendants in the action, (the appellants herein) filed their answer and cross-complaint. Judgment having been rendered for the plaintiff, the defendants moved for a new trial, which was denied. Thereupon the defendants appealed to this court, from the order overruling the motion for a new trial.

1. The first point to which our attention has been called, is the alleged right of the appellant, A. J. Kershaw, to have the purchase and sale of the parcel of ground, 18x50 feet, on Main street in Ogden, rescinded.

It is a general rule that a party to a contract is not entitled to have it rescinded unless both parties can be restored to the condition in which they were before the contract was made. It is also a general rule that a part of a contract cannot, without mutual consent, be rescinded unless the whole is rescinded.

The purchase of that one parcel of ground, 18x50 feet, was not a contract by itself. It was but a part of a transaction which embraced other property. The quarter acre tract was bought at the same time and was a part of the same transaction. The quarter acre tract was disposed of by Kershaw, before the institution of this action. He had deeded it away, and it could not be returned to Kelly, nor was there any offer to do so. Kershaw received the money for the quarter acre tract and retained it. Kelly received

no benefit whatever from such sale. It is inequitable that Kershaw should, while retaining the benefits arising from one part of the contract, be allowed to rescind the other part.

The fact that Kelly consented to such sale, would not affect his right to be placed *in statu quo* before a rescission takes place. He may have consented to such sale upon the assumption that Kershaw, by such sale was waiving and intending to waive all claim of right to a rescission. It does not appear however that at that time Kershaw claimed, any right to rescind; nor does it appear that prior to the sale of the quarter acre by Kershaw, any notice was given to respondent, J. J. Kelly, that after the sale the appellants would seek to escape any responsibility on the residue of the transaction by their claiming, as to J. J. Kershaw, a rescission, and, as to Sarah Kershaw, a release. Justice and fair dealing would require that such notice should have been given. Had this been done, it is not probable that Kelly would have given his consent to the sale; but had he done so, there would have been some show of reason why he should not now complain of it.

The cross-complaint says that the loan of $850 was also a part of the same transaction in which the purchase and sale of the two parcels of ground took place. This money has not been paid back, nor offered to be paid back. The appellants claim that the purchase and sale, the loan of the $850, and the giving of the note and mortgage were all one contract. All these parts of one transaction would have to be rescinded or none of it be rescinded. As the appellants are not in a position to put the parties *in statu quo*, and do not offer to do so, they are not in a position entitling them to a rescission of a part of the contract. There is nothing in the record to show that this case presents any exception to the general rules which we have referred to, or to either of them.

But if there were grounds for the rescission of the contract as between J. J. Kelly and A. J. Kershaw, a proceeding for that purpose or a relief of that kind, would not be proper in this action. It would not affect all the parties to this action. This is an action by two parties against two

other parties, to foreclose a mortgage, which was executed by the two on the one side, to and for the two on the other side.

2. The appellant, A. J. Kershaw, contends that he lost three and a half feet front off the eighteen feet conveyed to him by Kelly, at the suit of one J. L. Dee, of which said Kelly had full knowledge, and he, Kershaw, asks damages therefor.

In support of this claim for damages, the appellants offered in evidence the record of the case of *Dee* v. *Kershaw*. The respondents objected to its introduction and it was excluded; its exclusion is assigned for error. That record does not show that 3 1-2 feet or any other amount of the land conveyed by Kelly to Kershaw was taken from Kershaw. The descriptions in the deed and in that record do not in any manner conflict, but represent totally distinct parcels of ground. If the record had been admitted in evidence the face of the case would in no respect have been changed; it does not appear that there was any error in the exclusion of the record.

But appellants asked in the lower court, on the trial, for leave to amend the cross-complaint to show the deed transaction; that Kelly and Kershaw both thought the southwest corner of lot six in block 26 was at what is known as the Woodmansee corner, a point three and one half feet north of where the district court, in the case of *Dee* v. *Kershaw*, found it to be: That that suit developed that the block in which that ground was situate, was from seven to nine feet too large: That the three and a half feet immediately south of that in which the appellant was put in possession of, was held by other parties, and had been so held for over seven years before Kelly made the deed to Kershaw. This proposed amendment, had it been allowed, would have changed the issues. It would have set up a totally new claim in the cross-complaint, if it set up anything. It would have changed the issue from one upon a warranty to one of mistake in description. The cross-complaint would have been a proceeding to reform a deed. This would have been a very important and vital change in the issues. There does not appear to be any reason why this new matter thus sought

to be incorporated into the cross-complaint could not have been embraced in the original cross-complaint, if entitled to be in it at all. And no reason is offered for its not having been done, nor for the long delay in its not having been asked to be done before the trial. If a vital change in the issues can be made at the trial in one case without any reasonable ground therefor, it can be done in all cases. Parties must use reasonable diligence in such matters or offer some excuse for not having done so. In this case no proper diligence is shown and no excuse is offered for the want of it. We cannot say that the district court failed to exercise a sound discretion in refusing to allow the amendment at the trial.

3. It is contended that Sarah Kershaw was a surety only and not a principal, and that this fact was known to Kelly when she signed the note, and that the giving of one year's additional time to Kershaw was a release of Sarah. From the evidence, the court was authorized to find that Sarah Kershaw was a principal. If however she were simply a surety, there was evidence sufficient for the court to find that she desired, consented to, and sought the extension of time.

4. The appellants claim that the action was prematurely begun. The note was to fall due on the 3rd of August, 1884, but it was provided in the note that the interest was to be paid monthly, and if not so paid, the whole of the principal could be declared due and payable. The day of payment of the principal was extended from the 3rd of August, 1884, to the 3rd of August, 1885, one year. The other conditions of the note however were to remain the same as before. The appellant failed to pay the interest as required by the terms of the note, and it followed that the whole of the note became due before the end of the year, and suit was authorized to be brought to enforce its collection.

We do not see that the action was prematurely brought. Upon an examination of the whole case, we do not find any reason for disturbing the action of the court below. The order overruling the motion for a new trial, is affirmed.

ZANE, C. J., and HENDERSON, J., concurred.